GeeeN, J.
delivered the opinion of the court.
The plaintiff in error was indicted in the Circuit Court of Grainger county, for the crime of bigamy. On the trial the Attorney General read to the jury the certified copy from the Clerk of the County Court of Grainger county, of a marriage license bond, and marriage license, and the return of a Justice of the Peace thereon, to prove that the defendant had been *15 married to Nancy Parker. The defendant then introduced Edward Tate, the Clerk of Grainger County Court, who had possession of the papers, purporting to be the original marriage license and bond, copies of which had been read, and offered to prove that the said license was not issued by the Clerk of the County Court, and that the bond was not taken by him. The defendant also offered to prove by Wm. T. Tate, that he saw a person issue said license who was not, by law, authorized to do so. The Attorney General objected to this testimony as incompetent, and the court sustained the objection. The defendant was found guilty, and appeals to this court.
The act-of 1S29, ch. 23, sec. 16, provides that a certified copy of the marriage license of the clerk, out of whose office the same-issued, accompanied by the certificate of the minister of the gospel or justice or other person who solemnized the rites of matrimony, also copied and certified, shall be sufficient proof of either the first or second marriage, in any prosecution under said act.” This provision of the statute does not, in our opinion, exclude the right of the party accused, to enquire into the validity of the license. The statute does not declare that the certified copy shall be conclusive evidence, which cannot be rebutted by proof, that the originals were forgeries, nor is any such provision contained in any act of assembly on this subject. The law makes the certified copies sufficient evidence; but if the originals are forgeries, the defendant may show that fact by proof. Whether, where an actual -marriage has taken place, and the parties have cohabited as man and wife, the marriage shall be held void for any irregularity of the license, or bond, or certificate of solemnization, deserves a grave reconsideration. But this is not a fit case for such investigation, as there is no proof here of the marriage, except that which is afforded by the certified copy of the license, and the return of the justice of the peace ther'eon.
The judgment must be reversed, and the cause remanded for a new trial.